MICHAEL FAILLACE ESQ.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

--------------------------------------------------------X
ANGEL MENDEZ, *individually and on behalf of others similarly situated,*

                *Plaintiff,*

    -against-

SAM NATURAL DELI CORP. (d/b/a NATURAL DELI), BK NATURAL DELI CORP. (d/b/a NATURAL DELI), MATHANNA ABDO, AND FITO DOE,

                *Defendants.*
--------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Angel Mendez ("Plaintiff Mendez" or "Mr. Mendez"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace Esq., upon his knowledge and belief, and as against Natural Deli corp.(d/b/a Natural Deli), BK Natural Deli Corp.(d/b/a Natural Deli), ("Defendant Corporations"), Mathanna Abdo, and Fito Doe, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff Mendez is a former employee of Defendants Natural Deli corp.(d/b/a Natural Deli), BK Natural Deli Corp.(d/b/a Natural Deli), Mathanna Abdo, and Fito Doe.

2. Defendants own, operate, or control a deli, located at 281 Nostrand Avenue, Brooklyn, NY 11216 under the name "Natural Deli".

3. Upon information and belief, individual defendants Mathanna Abdo, and Fito Doe, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the deli as a joint or unified enterprise.

4. Plaintiff Mendez was employed as a deli worker, counter attendant and cashier at the deli located at 281 Nostrand Avenue, Brooklyn, NY 11216.

5. At all times relevant to this Complaint, Plaintiff Mendez worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Mendez appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Furthermore, Defendants repeatedly failed to pay Plaintiff Mendez wages on a timely basis.

8. Defendants' conduct extended beyond Plaintiff Mendez to all other similarly situated employees.

9. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Mendez and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10. Plaintiff Mendez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

11. Plaintiff Mendez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Mendez's state law claims under 28 U.S.C. § 1367(a).

13. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a deli located in this district. Further, Plaintiff Mendez was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14. Plaintiff Angel Mendez ("Plaintiff Mendez" or "Mr. Mendez") is an adult individual residing in Queens County, New York.

15. Plaintiff Mendez was employed by Defendants at Natural Deli from approximately October 10, 2021 until on or about April 30, 2024.

16. Plaintiff Mendez consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17. At all relevant times, Defendants own, operate, or control a deli , located at 281 Nostrand Avenue, Brooklyn, NY 11216under the name "Natural Deli" .

18. Upon information and belief, SAM Natural Deli corp.(d/b/a Natural Deli) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 281 Nostrand Avenue, Brooklyn, NY 11216.

19. Upon information and belief, BK Natural Deli Corp.(d/b/a Natural Deli) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 281 Nostrand Avenue, Brooklyn, NY 11216.

20. Defendant Mathanna Abdo is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Mathanna Abdo is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Mathanna Abdo possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Mendez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21. Defendant Fito Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Fito Doe is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Fito Doe possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and

compensation of the employees of Defendants, including Plaintiff Mendez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

22. Defendants operate a deli located in the Bedford Stuyvesant section of Brooklyn in New York City.

23. Individual Defendants, Mathanna Abdo, and Fito Doe, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

24. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25. Each Defendant possessed substantial control over Plaintiff Mendez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Mendez, and all similarly situated individuals, referred to herein.

26. Defendants jointly employed Plaintiff Mendez (and all similarly situated employees) and are Plaintiff Mendez's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27. In the alternative, Defendants constitute a single employer of Plaintiff Mendez and/or similarly situated individuals.

28. Upon information and belief, Individual Defendants Mathanna Abdo, and Fito Doe operate Defendant Corporations as either alter egos of themselves and/or failed to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f) intermingling assets and debts of their own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

29. At all relevant times, Defendants were Plaintiff Mendez's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Mendez, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Mendez's services.

30. In each year from 2021 to 2024, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the deli on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

32. Plaintiff Mendez is a former employee of Defendants who was employed as a deli worker, counter attendant and cashier.

33. Plaintiff Mendez seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Angel Mendez*

34. Plaintiff Mendez was employed by Defendants from approximately October 10, 2021 until on or about April 30, 2024.

35. Defendants employed Plaintiff Mendez as a deli worker, counter attendant and cashier.

36. Plaintiff Mendez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

37. Plaintiff Mendez's work duties required neither discretion nor independent judgment.

38. Throughout his employment with Defendants, Plaintiff Mendez regularly worked in excess of 40 hours per week.

39. From approximately October 2021 until on or about April 2024, Plaintiff Mendez worked at Natural Deli from approximately 12:00 p.m. until on or about 10:00 p.m., six days a week (typically 60 hours per week).

40. Throughout his employment, Defendants paid Plaintiff Mendez his wages in cash.

41. From approximately October 2021 until on or about October 2023, Defendants paid Plaintiff Mendez a fixed salary of $1000.00 per week.

42. From approximately October 2023 until on or about April 2024, Defendants paid Plaintiff Mendez a fixed salary of $1200.00 per week .

43. Defendants never granted Plaintiff Mendez any breaks or meal periods of any kind.

44. Plaintiff Mendez was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

45. On several occasions, Defendants paid Plaintiff Mendez his wages more than two weeks past his scheduled pay date, and more often defendants required Plaintiff Mendez to wait an additional week to receive his pay.

46. For approximately two weeks in 2024 , Defendants did not pay Plaintiff Mendez any wages for his work; thus, Defendants owe Plaintiff Mendez approximately an additional $3600.00 in unpaid wages.

47. Defendants did not provide Plaintiff Mendez an accurate statement of wages, as required by NYLL 195(3).

48. Defendants did not give any notice to Plaintiff Mendez, in English and in Spanish (Plaintiff Mendez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

49. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Mendez (and all similarly situated employees) to work in excess of 40 hours a

week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

50. Plaintiff Mendez was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

51. Defendants failed to pay Plaintiff Mendez's wages on a timely basis; specifically, Defendants required Plaintiff Mendez to wait more than two weeks to get paid, and in many occasions they made him wait more than one week.

52. Defendants did not pay Plaintiff Mendez any wages for three weeks of work.

53. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

54. Defendants paid Plaintiff Mendez his wages in cash.

55. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Mendez (and similarly situated individuals) worked, and to avoid paying Plaintiff Mendez properly for his full hours worked.

56. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

57. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Mendez and other similarly situated former workers.

58. Defendants failed to provide Plaintiff Mendez and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that

payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

59. Defendants failed to provide Plaintiff Mendez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

60. Plaintiff Mendez brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

61. At all relevant times, Plaintiff Mendez and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay

at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

62. The claims of Plaintiff Mendez stated herein are similar to those of the other employees.

# FIRST CAUSE OF ACTION
## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

63. Plaintiff Mendez repeats and realleges all paragraphs above as though fully set forth herein.

64. At all times relevant to this action, Defendants were Plaintiff Mendez's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

65. Defendants had the power to hire and fire Plaintiff Mendez (and the FLSA class members), control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for employment.

66. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

67. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

68. Defendants failed to pay Plaintiff Mendez (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

69. Defendants' failure to pay Plaintiff Mendez (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

70. Plaintiff Mendez (and the FLSA Class members) were damaged in an amount to be

determined at trial.

## SECOND CAUSE OF ACTION
### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

71. Plaintiff Mendez repeats and realleges all paragraphs above as though fully set forth herein.

72. At all times relevant to this action, Defendants were Plaintiff Mendez's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Mendez (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

73. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

74. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

75. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Mendez (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

76. Defendants' failure to pay Plaintiff Mendez (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

77. Plaintiff Mendez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

78. Plaintiff Mendez repeats and realleges all paragraphs above as though fully set forth herein.

79. At all times relevant to this action, Defendants were Plaintiff Mendez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Mendez (and the FLSA Class members), control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

80. Defendants, in violation of the NYLL, paid Plaintiff Mendez (and the FLSA Class members) less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

81. Defendants' failure to pay Plaintiff Mendez (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

82. Plaintiff Mendez (and the FLSA Class Members) were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF THE OVERTIME PROVISIONS**
**OF THE NEW YORK STATE LABOR LAW**

83. Plaintiff Mendez repeats and realleges all paragraphs above as though fully set forth herein.

84. At all times relevant to this action, Defendants were Plaintiff Mendez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Mendez, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

85. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Mendez overtime compensation

at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

86. Defendants' failure to pay Plaintiff Mendez overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

87. Plaintiff Mendez was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

88. Plaintiff Mendez repeats and realleges all paragraphs above as though fully set forth herein.

89. Defendants failed to provide Plaintiff Mendez with a written notice, in English and in Spanish (Plaintiff Mendez's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

90. Defendants are liable to Plaintiff Mendez in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

91. Plaintiff Mendez repeats and realleges all paragraphs above as though fully set forth herein.

92. With each payment of wages, Defendants failed to provide Plaintiff Mendez with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

93. Defendants are liable to Plaintiff Mendez in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF THE TIMELY PAYMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

94. Plaintiff Mendez repeats and realleges all paragraphs above as though set forth fully herein.

95. Defendants did not pay Plaintiff Mendez on a regular weekly basis, in violation of NYLL §191.

96. Defendants are liable to Plaintiff Mendez in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mendez respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency

of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Mendez and the FLSA class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Mendez and the FLSA Class members;

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Mendez's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Mendez and the FLSA Class members;

(f) Awarding Plaintiff Mendez and the FLSA Class members damages for the amount of unpaid minimum and overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g) Awarding Plaintiff Mendez and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Mendez and the members of the FLSA Class;

(i) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Mendez ;

(j) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Mendez's compensation, hours, wages and any deductions or credits taken against wages;

(k) Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Mendez;

(l) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Mendez ;

(m) Awarding Plaintiff Mendez damages for the amount of unpaid minimum and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(n) Awarding Plaintiff Mendez damages for Defendants' violation of the NYLL timeliness, notice and recordkeeping provisions, pursuant to NYLL §§191, 198(1-b), 198(1-d);

(o) Awarding Plaintiff Mendez liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p) Awarding Plaintiff Mendez and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q) Awarding Plaintiff Mendez and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

    (s)        All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Mendez demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

March 27, 2025

                              MICHAEL FAILLACE ESQ.

                By:     /s/ Michael Faillace
                              Michael Faillace [MF-8436]
                              60 East 42nd Street, Suite 4510
                              New York, New York 10165
                              Telephone: (212) 317-1200
                              Facsimile: (212) 317-1620
                              *Attorneys for Plaintiff*