UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
ANGEL MENDEZ, individually and on behalf of others similarly situated,

                        Plaintiff,

                -against-

SAM NATURAL DELI CORP. (d/b/a NATURAL DELI), BK NATURAL DELI CORP. (d/b/a/ NATURAL DELI), and MATHANNA ABDO,

                       Defendants.
----------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

25-cv-1692 (BMC)

**COGAN**, District Judge.

This is a wage recovery action under the Fair Labor Standards Act ("FLSA") and corresponding provisions of the New York Labor Law ("NYLL") seeking, *inter alia*, unpaid overtime for plaintiff's work as a deli worker, counter attendant, and cashier. Defendants were properly served, and the Clerk has entered their default under Fed. R. Civ. P. 55(a). Plaintiff has moved for a default judgment, and defendants have not responded to that either.

Plaintiff's submissions sufficiently satisfy the requirements for obtaining a default judgment. The complaint and his affidavit in support of the motion, the factual allegations of which regarding liability are deemed true, see Credit Lyonnais Sec., Inc. v. Alcantara, 183 F. 3d 151, 155 (2d Cir. 1999), show that he worked in excess of 40 hours per week. Specifically, for 105 weeks, from October 10, 2021, until October 15, 2023 (the "First Pay Period"), plaintiff worked from approximately 12:00 p.m. to 10:00 p.m., six days per week (typically 60 hours per week). During that period plaintiff was paid in cash at $1,000 per week, regardless of the number of hours he had worked. As of October 16, 2023, his weekly wage, still in cash, was

increased to $1,200 per week, where it remained for 28 weeks until his employment ended on approximately April 30, 2024 (the "Second Pay Period"). Because he worked more than 40 hours per week in both pay periods and there was no differentiation in pay between his regular and overtime hours, this is sufficient to state a claim under the FLSA and the NYLL for unpaid overtime. See Herrera v. Comme des Garcons, Ltd., 84 F.4th 110, 115 (2d Cir. 2023).

Plaintiff has submitted a spread sheet extrapolating the various elements of damages available under the state and federal law and with some exceptions, those appear appropriate. Using a 40-hour week as the denominator, see 12 NYCRR § 146-3.5(b), his regular rate for the First Pay Period was $25 per hour and his overtime rate was $37.50 per hour. For the Second Pay Period, his regular rate was $30 per hour and his overtime rate was $45 per hour. He was shorted during the First Pay Period of $750 per week in overtime, for a sum of $78,750. He was shorted during the Second Pay Period of $900 per week in overtime, for a sum of $25,200. Thus, plaintiff's compensatory damages for unpaid overtime are $103,950.

He is entitled to receive an equal amount in liquidated damages, see NYLL § 198(1-a), if defendants did not have a good faith defense in failing to pay overtime. It is common knowledge among employers that time-and-a-half must be paid for hours worked in excess of 40 per week; that fact, and defendants' default, is sufficient for this Court to find that there was no good faith defense for the non-payment. See Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76, 91 n.10 (E.D.N.Y. 2012) ("Where, as here, a defendant employer has defaulted, the court plainly cannot find that it has made the showing of good faith necessary to defeat an award of liquidated damages."). Thus, plaintiff's liquidated damages are $103,950.

Plaintiff also seeks $4,520 in attorneys' fees and $1,021 in costs, which are permitted both under the FLSA and the NYLL. See Fisher v. SD Prot. Inc., 948 F.3d 593, 600 (2d Cir.

2020) (citing 29 U.S.C. § 216(b) and NYLL § 663(1)). The total of 10.6 hours of time spent, including on the motion for a default judgment, is reasonable. Costs consist of the filing fee and service of process fees (apparently there was some difficulty in serving defendants), and those are reasonable as well. The attorneys' fees are based on hourly rates of one Of Counsel, Jesse Barton (5.2 hours), and one partner, Michael Faillace (5.4 hours), at $400 and $450, respectively. The $400 per hour for an Of Counsel with Mr. Barton's experience is reasonable.

The $450 per hour for Mr. Faillace is problematic. It is the highest rate allowed for FLSA attorneys in this district. See Talmaci v. VEP Associates LLC, No. 22-cv-5309, 2025 WL 2622122, at *14 (E.D.N.Y. Sept. 11, 2025) (allowing $400 and $450 per hour). However, Mr. Faillace's claim does not acknowledge that until late 2023, he was suspended from practice in the Southern District of New York for "repeatedly taking fees from settlements in excess of the amounts awarded to him by court order (effectively stealing from his clients' recoveries); refusing to follow client directions as to the amounts they wanted to settle the case; and of misrepresenting facts relating to these practices to the Southern District Committee." Garcia Lazaro v. Best Fish Mkt. Corp., No. 21-cv-5305, 2022 WL 280768, at *2 (E.D.N.Y. Jan. 31, 2022). In light of this, prior to his reinstatement, several courts had disallowed any claim for fees by him on the theory that few clients would retain an attorney found by a court to have stolen from other clients. See, e.g., id.; Victor v. Sam's Deli Grocery Corp., No. 19-cv-2965, 2022 WL 3656312 (S.D.N.Y. Aug. 25, 2022); Tarax v. Blossom West, Inc., No. 19-cv-6228, 2022 WL 2132749, at *2 (S.D.N.Y. June 14, 2022).

The Court recognizes that the 5.4 hours Mr. Faillace spent working on this case were post-reinstatement by just over two years. That makes the concern expressed in these cases less acute (and, indeed, not all cases disallowed all of his fees claimed prior to the period of his

suspension), but the test remains "what a reasonable, paying client would be willing to pay[.]" See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 184 (2d Cir. 2008).  There may come a point where Mr. Faillace's post-reinstatement good conduct and the passage of time allow him to again claim the top rates charged by the FLSA bar.  But with his reinstatement so relatively recent, it still seems to this Court that a paying client would be extremely hesitant to pay those top rates to an attorney who was found to have effectively stolen settlements from clients.  The Court therefore reduces Mr. Faillace's claimed rate of $450 per hour to $325 per hour.

Finally, the Court disallows and dismisses plaintiff's claims for lack of the required wage notice statements and wage hiring notice under the NYLL because he lacks Article III standing to maintain those claims.  See Deng v. Frequency Electronics, Inc., 640 F. Supp. 3d 255, 264-67 (E.D.N.Y. 2022).  He may reassert those claims in state court.

Accordingly, plaintiff's motion for a default judgment is granted to the extent set forth above.  Costs amount to $1,021; attorneys' fees amount to $3,835; plaintiff's compensatory damages amount to $103,950; and plaintiff's liquidated damages amount to $103,950.  The Clerk is therefore directed to enter judgment in favor of plaintiff and against defendants, jointly and severally, in the amount of $212,756.

**SO ORDERED.**

*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
       November 5, 2025

4